UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROCKIN "D" MARINE SERVICES, LLC                CIVIL ACTION

VERSUS                                          NO. 17-1146

M/V SEA ENDEAVOR ET AL.                         SECTION "R" (4)

## ORDER AND REASONS

Before the Court is plaintiff Rockin "D" Marine Services, LLC's motion for summary judgment on intervenor Allied Shipyard, Inc.'s claims against defendant M/V SEA ENDEAVOR.[1] For the following reasons, the Court grants plaintiff's motion.

## I.    BACKGROUND

Plaintiff and Allied Shipyard both have maritime liens against the M/V SEA ENDEAVOR. On September 15, 2014, Sea Endeavor, LLC executed a mortgage on the M/V SEA ENDEAVOR in the amount of $1,500,000 in favor of plaintiff.[2] Plaintiff filed this mortgage at the U.S. Coast Guard National

---

[1]    R. Doc. 51.
[2]    R. Doc. 51-7 at 1; R. Doc. 51-3 at 7.

1

Vessel Documentation Center on March 11, 2015.[3]  A balance of $982,347.11

remains unpaid on the mortgage.[4]

Allied Shipyard provided materials, repair services, and machinery in

the amount of $172,411.56 to the M/V SEA ENDEAVOR.[5]  Allied Shipyard

filed a notice of claim of lien for these services on February 24, 2016.[6]

According to that notice, the lien was established on December 16, 2015.[7]  A

balance of $118,711.56 remains unpaid for Allied Shipyard's services.[8]

On February 9, 2017, plaintiff filed this action to foreclose on its ship

mortgage.  The U.S. Marshals Service seized the vessel on February 13, 2017,

pursuant to this Court's order.[9]  Allied Shipyard then intervened to assert its

maritime lien against the M/V SEA ENDEAVOR.[10]  The Court granted

plaintiff's motion to enter default against anyone who failed to appear and

file a claim against the vessel, and directed the Marshals Service to sell the

vessel at public auction.[11]  After several auctions with no bids above the

---

[3]     R. Doc. 51-7 at 1.
[4]     *Id.* at 2.
[5]     R. Doc. 12 at 2 ¶ 5.
[6]     R. Doc. 51-7 at 2.
[7]     R. Doc. 51-3 at 8.
[8]     R. Doc. 12 at 2 ¶ 6.
[9]     R. Doc. 8.
[10]    R. Doc. 12.
[11]    R. Doc. 26.

minimum starting bid, plaintiff purchased the vessel for $10,000 on August

7, 2017.[12]  The Court confirmed this sale on August 11.[13]

Plaintiff now moves for summary judgment on Allied Shipyard's claims

against the M/V SEA ENDEAVOR.[14]  Allied Shipyard does not oppose

plaintiff's motion.  No other parties have come forth with competing claims.


## II.    STANDARD

Summary judgment is warranted when "the movant shows that there

is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069,

1075 (5th Cir. 1994).  When assessing whether a dispute as to any material

fact exists, the Court considers "all of the evidence in the record but refrain[s]

from making credibility determinations or weighing the evidence."  *Delta &*

*Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99

(5th Cir. 2008).   All reasonable inferences are drawn in favor of the

nonmoving party, but "unsupported allegations or affidavits setting forth

'ultimate or conclusory facts and conclusions of law' are insufficient to either

---

[12]     R. Doc. 48.
[13]     R. Doc. 50.
[14]     R. Doc. 51.

support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a

genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III.  DISCUSSION

The Ship Mortgage Act, 46 U.S.C. § 31301, *et seq.*, governs the priority of the claims asserted here. Specifically, when a vessel is sold at a judicial sale, all claims against the vessel are terminated and subsequently attach to the proceeds of the sale. When, as in this case, a "preferred ship mortgage" is asserted, the order of priorities is the following: (1) expenses of justice; (2) preferred maritime liens; (3) the preferred mortgage; and (4) other maritime liens. *See* 46 U.S.C. § 31326; Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 9-6 (5th ed. 2011); *see also Governor and Co. of Bank of Scotland v. Sabay*, 211 F.3d 261, 270 (5th Cir. 2000) ("A preferred ship mortgage 'has priority over all claims against the vessel (except for expenses and fees allowed by the court, costs imposed by the court, and preferred

maritime liens).'" (quoting 46 U.S.C. § 31326(b)(1))). Under the statute, a "preferred maritime lien" is defined as a "maritime lien on a vessel (A) arising before a preferred mortgage was filed under section 31321 of this title; (B) for damage arising out of a maritime tort; (C) for wages of a stevedore . . . ; (D) for wages of the crew of the vessel; (E) for general average; or (F) for salvage, including contract salvage." 46 U.S.C. § 31301(5).

The facts in this case are undisputed. Plaintiff asserts a preferred mortgage against the M/V SEA ENDEAVOR. A preferred mortgage is one that includes the whole of the vessel, is filed in substantial compliance with 46 U.S.C. § 31321, and covers a documented vessel. *See* 46 U.S.C. § 31322(a). Under Section 31321, a ship mortgage must (1) identify the vessel; (2) state the parties' names and addresses; (3) state the amount of the obligations that is or may become secured by the mortgage, excluding interest, expenses, and fees; (4) state the mortgagor's interest in the vessel; (5) state the mortgaged interest; and (6) be signed and acknowledged. 46 U.S.C. § 31321(b). Having reviewed the mortgage document,[15] the Court finds that plaintiff's mortgage satisfies all of the requirements of Section 31322 as set forth above. Moreover, plaintiff's preferred mortgage was recorded at the U.S. Coast Guard National Vessel Documentation Center, "[giving] rise to a

---

[15]    R. Doc. 1-4.

presumption of regularity which in the absence of other evidence is sufficient to establish the mortgage's validity." *Westinghouse Credit Corp. v. O/S DOROTHY CLAIRE*, 732 F. Supp. 59, 61 (E.D. Tex. 1989) (citing *State Street Bank & Trust Co. v. SEA FREEZE*, 1981 A.M.C. 2001, 2003-04 (E.D. Va. 1979)). The Court therefore finds that plaintiff has a preferred mortgage on the vessel.

Allied Shipyard has asserted a maritime lien against the M/V SEA ENDEAVOR for necessaries. "Necessaries" include repairs and supplies. 46 U.S.C. § 31301(4). Plaintiff contends that Allied Shipyard provided repair work to the M/V SEA ENDEAVOR for which it was never fully paid.[16] These services clearly fall within the definition of "necessaries." Accordingly, the Court finds that Allied Shipyard has a valid maritime lien against the M/V SEA ENDEAVOR. *See* 46 U.S.C. § 31342 (providing that "a person providing necessaries to a vessel on the order of the owner . . . has a maritime lien on the vessel").

As discussed above, preferred maritime liens take priority over preferred mortgages. But to be a preferred maritime lien, the lien must either arise before a preferred mortgage was filed or fall into one of five specific categories. *See* 46 U.S.C. § 31301(5). Because none of the five

---

[16]     R. Doc. 51-7 at 2.

specific categories applies here, Allied Shipyard's maritime lien is preferred only if it arose before plaintiff filed its mortgage.

A maritime lien arises at the moment "when the goods or services are supplied or performed." *Gulf Trading & Transp. Co. v. The Vessel Hoegh Shield*, 658 F.2d 363, 367 (5th Cir. 1981). Plaintiff filed its mortgage on March 11, 2015. Plaintiff contends, and Allied Shipyard does not dispute, that there is no evidence in the record showing that Allied Shipyard provided its services before plaintiff filed its mortgage.[17] In fact, Allied Shipyard's notice of claim of lien suggests that its lien arose in December 2015.

Thus, plaintiff's preferred mortgage takes priority over Allied Shipyard's maritime lien and must be satisfied in full before Allied Shipyard can receive any proceeds from the sale of the M/V SEA ENDEAVOR. Because the sale did not fully satisfy plaintiff's mortgage, there are no proceeds from the sale to distribute to Allied Shipyard, and plaintiff is entitled to summary judgment.

---

[17] R. Doc. 51-2 at 5-6.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for summary judgment.   Allied Shipyard's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __19th__ day of September, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE